| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael D. Luppi, 55865<br>Law Office of Michael D. Luppi<br>1818 W. Beverly Blvd., Suite 102<br>Montebello, CA 90640<br><br>(323) 454-2300 Office<br>(323) 726-3106 Fax<br><br>☐ Individual appearing without attorney<br>☒ Attorney for: Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Socorro Silva<br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-29830-SK<br>CHAPTER 13<br><br>**DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY UNDER LBR 3015-1(p)**<br><br>[No Hearing Required] |
|---|---|

Debtor moves this court for an order authorizing the Debtor to refinance the real property, described below, pursuant to the terms and conditions described herein.

1. Debtor's Chapter 13 Plan (Plan) was confirmed on: 11/01/2012 .

2. Debtor wishes to refinance the real property (Property) located at:
   1802 N. Avenue 56
   Los Angeles, CA 90042

   The Property is more particularly described in Exhibit "A" attached hereto.

   ☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012               Page 1               F 3015-1.15.MOTION.REFI.RP

3. Debtor requests authority to borrow the sum of $ 381,225.00 from
   Lender Name: Urban Financial Group
   Address: 8909 South Yale Avenue, Tulsa, OK 74137

   Debtor also requests authority to execute a promissory note secured by a First deed of trust on the Property.

4. From the proceeds of this loan, the following encumbrances of record against the Property will be paid through escrow:
   a) HSBC current 1st Mortgage Holder
   b) Unsecured and secured creditors in accoradance with Chapter 13 plan
   c) _____

5. After payment of the foregoing encumbrances and all costs of sale:
   [X] there will remain the approximate sum of $ 66,352.05 ; OR
   [ ] no proceeds will remain.

6. [X] (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
   [ ] 100% dividend to unsecured creditors; OR
   [X] 2.67 % dividend as indicated in the confirmed plan.
   After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.
   OR
   [ ] (b) The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan. The refinance is in the best interest of the creditors.

7. The escrow is being processed by:
   Escrow company name: All Seasons Escrow
   Address: 703 Palomar Airport Rd., Suite 205
   Carlsbad, CA 92011
   Telephone: 760-692-1111
   Facsimile:
   Escrow officer: Trisha McClinton  Trisha@allseasonsescrow.com
   Escrow number: 197-6890923-962

8. Supporting documents attached to this Motion are:
   a. Exhibit "A" – Legal Description with street address
   b. Exhibit "B" – Escrow Instructions and Documents
   c. Exhibit "C" – Estimated Closing Statement
   d. Exhibit "D" – Schedules I and J of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date: 1/12/14

Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date: 01-09-15

Debtor

Date: _____

Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                             Page 2                    F 3015-1.15.MOTION.REFI.RP

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1818 W. BEVERLY BLVD., SUITE 102
MONTEBELLO, CA 90640

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY UNDER LBR 3015-1(p)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 01/12/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 01/12/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/12/2014 | MONICA E. GOMEZ | /s/ Monica E. Gomez |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                               Page 3                           F 3015-1.15.MOTION.REFI.RP

creditor.txt

Honorable Sandra Klein
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012


Socorro Silva
1802 Avenue 56th
Los Angeles, CA 90042

Kathy A Dockery
Chapter 13 Trustee
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017

# Exhibit "A"

## Legal Description of Real Property

Lot 5 in block "V" pf St. Francis Heights, in the city of Los Angeles, county of Los Angeles, State of California, as per map recorded in book 11, pages 138 and 139 of maps, in the office of the County Recorder of said county.

Also know as: 1802 N. Avenue 56, Los Angeles, CA 90042

# Exhibit "B"

**All Seasons Escrow**
703 Palomar Airport Road, Suite 205
Carlsbad, CA 92011
Entrance on Avenida Encinas
Tel: (760) 692-1111• Fax: (760) 692-1112

## AMENDED ESCROW INSTRUCTIONS

Date:  November 15, 2014

Escrow No.    11916-TM

Re:    1802 North Avenue No. 56, Los Angeles, CA 90042

To: All Seasons Escrow - Trisha McClinton

My previous instructions in the above numbered escrow are hereby modified – supplemented in the following particulars only.

**GRANT DEED AMENDMENT:**

I / We hand you herewith a GRANT DEED made by <u>Soccoro silva, an unmarried woman and Jesus Manuel Luevano, a married man as his sole and separate property as joint tenants and                                      , spouse of Jesus Manuel Luevano, herein TO Socorro Silva, trustee of the Socorro Silva Living Trust Dated July 18, 1995,</u> covering the property (see attached legal description marked "Exhibit A" attached hereto and made a part hereof) more commonly known as the property listed above which you are authorized to use and record with no consideration to the undersigned. I/We are to be at no expense with the drawing or recordation of said deed. You are authorized and instructed to charge Grantee herein for the drawing and recordation of the above mentioned deed at the close of escrow.

**PRELIMINARY CHANGE OF OWNERSHIP FORM:**

Borrower acknowledges that pursuant to the California Revenue & Taxation Code a Change of Ownership form is required by the county recorder to be completed and affixed to any documents submitted for recording which evidence a conveyance of title. The Change of Ownership form shall be furnished to Borrower by you for Borrower's completion and execution. Borrower is aware that if Borrower does not complete the form in full, sign and return it to you before closing, a penalty will be assessed by the county recorder. If the Change of Ownership form is not filed after the close of escrow within the time limits set forth by the county recorder, severe additional penalties will be assessed against the Borrower. **For information and assistance in completing the Change of Ownership form, Borrower may contact the County Recorder and Assessors offices in the county in which the subject property is located.**

**WITHOUT COLLECTIONS FOR SPOUSE OF JESUS MANUEL LUEVANO :** In additional to Interspousal Transfer Grant Deed, the attached  Without Collections document is required to be signed by Grantor and Grantee of said Interspousal Transfer Grant Deed.

Borrower agrees to indemnify, defend and hold Escrow Holder, its employees and officer of the corporation, and brokers harmless from any liability or loss in connection with this instruction.

All other terms and conditions of this escrow shall remain the same. All parties signing this instruction acknowledge receipt of a copy of same.

### END OF AMENDMENT

Borrower's Signature

Socorro Silva

**All Seasons Escrow**
703 Palomar Airport Road, Suite 205
Carlsbad, CA 92011
Entrance on Avenida Encinas
Tel: (760) 692-1111• Fax: (760) 692-1112

# LOAN ESCROW INSTRUCTIONS

TO: All Seasons Escrow

Date: November 4, 2014
Escrow Officer: Trisha McClinton
Escrow Number: 11916-TM

**ALL SEASONS ESCROW IS LICENSED BY THE CALIFORNIA DEPARTMENT OF BUSINESS OVERSIGHT ESCROW LICENSE #963-1959.**

The undersigned Borrower(s) is obtaining a loan on the property hereinafter described and will cause Lender to hand you the proceeds of a new First Trust Deed in the amount of $381,225.00, less Lender's normal costs and charges, which you are authorized to use on or before February 1, 204, providing upon recordation of the securing Deed of Trust, you obtain an ALTA Lender's Policy of title insurance, per Lender's requirements covering real property in the County of Los Angeles, State of California, as follows:

Lot 5 in Block "V" of St. Francis Heights, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 11, Pages 138 and 139 of Maps, in the office of the County Recorder of said County.

COMMONLY KNOWN AS: **1802 North Avenue No. 56, Los Angeles, CA 90042**

The title policy is to show the title to the property to be vested in:

**Socorro Silva, Trustee of the Socorro Silva Living Trust Dated July 18, 1995**

The policy is to be free of encumbrances except as follows:

(1) Any General and Special Taxes and Special District Levies not due or delinquent; this will include the lien of supplemental taxes, if any, assessed pursuant to Chapter 498, 1983 Statutes of the State of California.
(2) All Taxes, Bonds and Assessments levied or assessed subsequent to the date of these instructions.
(3) Covenants, conditions, reservations (including exceptions of oil, gas, minerals, hydrocarbons, and/or lease without right of surface entry), restrictions, rights of way, and easements for public utilities, districts, water companies, alleys, and streets.
(4) First Trust Deed to file, securing a note in the principal amount of $381,225.00 in favor of Urban Financial Group of America LLC at the best prevailing rate and terms per lenders instructions to be deposited into escrow.

**DEPOSIT OF FUNDS INTO ESCROW:** Each of the undersigned acknowledges and understands that pursuant to State of California Assembly Bill ("Good Funds Legislation") which became effective January 1, 1990, funds deposited into escrow and/or deposited with the Title Company for use in this escrow by the Property Owner, Buyer and New Lender in any form other than a wire transfer may cause a delay in the closing of this escrow and/or disbursement of funds at the time of closing. Each of the undersigned hereby indemnifies and holds All Seasons Escrow and its officers and/or Employees harmless with the respect to any delay in closing and/or disbursement of funds due to compliance with the Provisions of "AB512".

**NOTICE REGARDING CLOSING FUNDS:** In the event Borrower elects to deposit closing funds by Cashier's Check, said funds MUST be deposited not later than 48 hours prior to the anticipated date of close of escrow, pursuant to AB512 Good Funds Law.

**CONDITION OF TITLE:** Escrow Holder is authorized and instructed to pay any encumbrance necessary to place title in the condition called for herein and Borrower will hand you any instruments and/or funds as required for such purpose.

**OBTAIN DEMAND:** Escrow holder is hereby authorized and instructed to obtain demand from lender(s) of record and to pay for same form Borrower's proceeds at the close of escrow, including prepayment penalties, interest and such other costs, if applicable

**FIRE INSURANCE:** Secure for Lender an endorsement on existing insurance policy naming lender as First Trust Deed Holder and providing for replacement cost guarantee, as required by Lender. Charge account of Borrower at close of escrow and pay premiums as may be required for same, per billing to be deposited herein prior to close of escrow.

**CLOSING COSTS/CHARGES:** Pay escrow charges and proper recording fees, also charges for evidence of title called for above (whether or not this escrow is consummated) and you are authorized to pay off any bonds, assessments and/or taxes, also any encumbrances of record, plus accrued interest, charges and bonus, if any, to show title as called for above and/or necessary to comply with same. Instruct the title company to begin search of title at once.

**ADVANCE RELEASE OF DEMAND FEES:** In the event the Existing Lienholder(s) requires payment to demand statement fees in advance of issuing their demand statement, Borrower shall deposit sufficient funds as called for by Escrow Holder for payment of same and authorizes Escrow Holder to release said funds to Existing Lienholder(s) prior to close of escrow. Borrower acknowledges and agrees that said funds are NON-REFUNDABLE in the event this escrow is not consummated.

**DEPOSIT OF CLOSING FUNDS:** Pursuant to Federal Regulations and the California Insurance Code, all funds deposited for close of escrow by parties hereto **MUST** be in the form of: 1) Cashier's Check for amounts under $100,000.00 (FUNDS MUST BE DEPOSITED TWO (2) BUSINESS DAYS PRIOR TO CLOSE OF ESCROW); **OR** 2) Direct electronic "wire" transfer into escrow

BORROWER INITIALS _____

*Page 1*

All Seasons Escrow

Date: November 4, 2014
Escrow No. 11916-TM

trust account for amounts of $100,000.00 or more (please contact Escrow Holder for wiring instructions). Bank charges for wire transfers shall be paid by the party for whose benefit the wire transfer is made.

**ELECTRONIC DATA STORAGE:**
By your signature below, you acknowledge and agree that Escrow Holder will not store actual physical copies of your escrow documents, but will instead retain an electronic data storage copy in Microsoft Word format in another similar, commonly used format such as rich text format. Escrow Holder warrants that its electronic data storage method and any policies regarding such storage shall comply with all applicable laws, including but not limited to any rules and regulations of the California Department of Corporations and the California Department of Real Estate. You acknowledge and agree that no storage method is perfect, and to the fullest extent permitted by law, you agree to release Escrow Holder from all cost and liability with respect to such storage. You agree, to the extent permitted by law, that there is no warranty, either express or implied, including but not limited to any warranty of merchantability or warranty of fitness for a particular purpose. In the event of any liability of Escrow Holder with respect to such storage, to the fullest extent permitted by law, Escrow Holder's liability shall be limited to the escrow fees paid to Escrow Holder.

**EACH PARTY TO THIS ESCROW HAS RECEIVED A COPY OF THESE INSTRUCTIONS AND HAS READ THE ADDITIONAL ESCROW CONDITIONS, GENERAL PROVISIONS AND INSTRUCTIONS ATTACHED HERETO AS IF SAME APPEARED OVER THEIR SIGNATURES.**

Borrower's Signature
Socorro Silva, Trustee of the Socorro Silva Living Trust Dated July 18, 1985.

_____
Socorro Silva, Trustee

All Seasons Escrow

Date: November 4, 2014
Escrow No. 11916-TM

## ADDITIONAL ESCROW INSTRUCTIONS

**CLOSE OF ESCROW:** The close of escrow shall be the day documents deposited in this escrow are recorded pursuant to these instructions.

**EXTENSION OF TIME FOR CLOSING:** If the conditions of this escrow have not been complied with at the time provided for in these instructions, you are nevertheless to complete this escrow as soon as the conditions (except as to time) have been complied with, unless a written demand for the return of money and/or instruments by a party to this escrow is received by you prior to the recording of any instrument provided for in these instructions.

**NECESSITY FOR WRITTEN INSTRUCTIONS:** No notice, demand or change or instructions shall be of any effect unless given to you in writing and approved in writing by all parties affected by same.

**DEPOSITS AND DISBURSEMENTS:** All funds delivered to you by the parties to this escrow shall be deposited in any non-interest bearing account designated as a "Trust Account" with any bank or depository authorized by the Federal or State Government, and may be transferred to, and co-mingled with, other such trust accounts. You shall not be obligated to identify or to guarantee the signature of any payee on said checks.

**SUB-ESCROW AGENTS:** As you deem reasonably necessary to the closing of this escrow, you may deposit any funds or documents received by you herein, with any bank, title insurance company, savings and loan association, trust company, industrial loan company, credit union, admitted insurer or licensed escrow agent and any such deposit shall be deemed in accordance herewith. In this regard, you are authorized to utilize the services of one or more sub-escrow agents as defined under the California Financial Code and/or documents prior to close of escrow, if reasonable necessary in your discretion.

**ADJUSTMENTS AND PRORATIONS:** All adjustments shall be made upon the basis of a thirty day month, including, but not necessarily limited to the following: A. Taxes for the current year, based on tax amounts disclosed on last available tax bill; B. Premiums on fire insurance policies as handed you; C. Interest on loans of record, based on statement from the lender.

**RECORDING AND TRANSFER FEES:** To facilitate the recording of any documents delivered into or through this escrow, you may pay all required fees; all of the costs of which shall be deemed to constitute an authorized expenditure to be paid or charged to the party responsible therefore.

**EFFECT OF CONFLICT:** If, before or after recording documents, you receive or become aware of any conflicting demands or claims (hereinafter "conflicts") with respect to this escrow, the rights or obligations of any of the parties or any money or property deposited or affected, you shall have the right to discontinue further performance on your part until the conflict is resolved to your satisfaction. In addition, you shall have the right to commence or defend any action or proceeding you deem necessary for the determination of the conflict. A conflict shall be deemed to include, but is not necessarily limited to, your receipt of unilateral instructions or instructions from some, but not all of the escrow. In the event of a conflict, you shall not be liable to take any action of any kind, but may withhold all moneys, securities, documents or other things deposited into escrow, until such conflict has been determined by agreement of the parties or by legal process. In the event any action is commenced to determine a conflict or otherwise to enforce or declare the provisions of these instructions or to rescind them, including, but not limited to, a suit in inter pleader (whether or not the action is prosecuted to final judgment, voluntarily dismissed or settled, and irrespective of whether you are the prevailing party in any such action) and it becomes necessary or desirable for you to obtain legal advice with respect to a conflict or on account of any matter or thing arising out of or in any way related to these instructions, whether or not suit is actually commenced, the parties to this escrow jointly and severally agree to pay all of your costs, damages, judgments and expenses, including attorney's fees, incurred by you in connection with the same.

**PAYMENT OF FEES AND CHARGES:** It is understood that the fees agreed to be paid for your services are for ordinary and usual services only, and should there be any extraordinary or unusual services rendered by you, the undersigned agree to pay reasonable compensation to you for such extraordinary or unusual services, together with any costs and expenses which may be incurred by you in connection with same. Upon the close of escrow, you may retain, on your own behalf, your charges, costs and fees and charge the same in your accounting against the person responsible therefore.

IT IS UNDERSTOOD THAT, IN THE EVENT THIS ESCROW IS CANCELLED OR TERMINATED, YOU WILL RECEIVE COMPENSATION FOR SUCH SERVICES AS YOU HAVE RENDERED IN CONNECTION WITH THIS ESCROW.

**LIMITATIONS ON DUTIES AND LIABILITIES:** YOU SHALL NOT, IN ANY MANNER OR UNDER ANY THEORY OF LAW OR EQUITY, HAVE ANY RESPONSIBILITY OR LIABILITY FOR ANY OR ALL OF THE FOLLOWING ACTS, EVENTS KNOWLEDGE OR CIRCUMSTANCES:

1. Determining the sufficiency, genuineness or validity of any document, instrument or writing deposited with you herein or the form of content, or the identity or authority of the persons executing or depositing any of the same;
2. Ascertaining the terms, covenants or conditions of any document, instrument or writing deposited with you, or to investigate or examine the circumstances under which it was executed and/or delivered to you;
3. The failure to notify any person, including but not limited to the parties hereto, of any sale, resale, loan, exchange or other transaction involving the property or rights that are the subject hereof or incidental thereto, or any profit or advantage to any person, firm or corporation, including by not limited to any broker or agent of any party hereto, regardless of the fact that such other transaction(s) may be directly or indirectly handled by you in connection with the within escrow or any other escrow, or come to your knowledge, in any form whatsoever;
4. The payment, examination as to amount, propriety or validity of any tax, including but not limited to personal property, corporate, business or license tax or any description, assessed against, chargeable or payable by either of the parties hereto;
5. Your failure or refusal to comply with any amendments, supplements and/or notations hereof or hereto which are not signed by all parties hereto and actually delivered to you;
6. Your failure or refusal to terminate or cancel the within escrow, without full and complete compliance, to your satisfaction, with the provisions of paragraph "*Necessity for Written Instructions*" herein;
7. For any liability predicted upon any relationship other than that of an escrow holder, it being specifically irrevocably and conclusively understood, agreed and deemed no other legal relationship is hereby created or shall be implied, assumed or come into being;
8. For failure of any party to this escrow to comply with any of the provisions of any agreement, contract, or other instrument filed or referred to in these instructions;
9. Any duties beyond that of an escrow holder, which are expressly limited to the safekeeping of money, instruments or other documents received by escrow holder and for the disposition of them in accordance with the written instructions accepted by you.
10. Your knowledge of matters affecting the property which is the subject hereof shall not, and does not, create any liability or duty in addition to the responsibility of escrow holder under these instructions;
11. You shall not be obligated to make any physical examination of any real or personal property describe in any document deposited into this escrow, and the parties agree that you have not made, and will not make, any representations whatsoever regarding said property;
12. You shall not be concerned with, nor responsible for, the giving of any disclosures required by Federal or State law, including but not limited to, any disclosures required under Regulation Z, pursuant to the Federal Consumer Credit Protection Act, the effect of any zoning laws, ordinances or regulations affecting any other property described in this escrow. The undersigned jointly and severally agree to indemnify and hold you harmless by reason of any misrepresentation of omission by either party or their respective agents, or the failure of the parties to this escrow to comply with the rules and/or regulations of any governmental agency, state, federal, county, municipal or otherwise. Parties to this escrow have satisfied themselves outside of escrow that this transaction is not in violation of the Subdivision Map Act or any other law relating to land division, and you are relieved of all responsibility and/or liability in connection with same, and are not to be concerned with the enforcement of said laws;
13. Any loss that may occur by reasons of (i) forgeries or false representations; (ii) the exercise of your discretion in any particular manner, (iii) for any act, duty requirement or obligation not expressly required of you hereunder or specifically state herein; or, (iv) for any reason whatsoever except your gross neglect or willful misconduct.

**AUTHORITY OF BUSINESS ENTITY:** As to any corporation, partnership or other entity which may be a party hereto, it shall be conclusively presumed that any document executed by an officer or general partner of such entity was made upon due, full, legal and complete authority of the governing body of such entity, and you shall have no responsibility to independently investigate or verify such authority.

**AUTHORITY TO RELEASE INFORMATION:** You are authorized and instructed to furnish information from this escrow to lender and/or brokers as may be requested by them, including, but not limited to copies of all instructions and closing statement(s) in this escrow. You are authorized to accept funds deposited to a party's account by such party's broker or agent without further authorization.

**SUCCESSORS AND ASSIGNS:** The provisions hereof shall bind each party hereto and his respective heirs, administrators, executors, assigns, trustees, guardians, conservators, receivers and successors in interest.

**DESTRUCTION OF DOCUMENTS:** You are authorized to destroy or otherwise dispose of any or all documents, instruments or writings received by you herein and accounting or disbursement records pertaining hereto at the expiration of five (5) years from and after the initial date hereof, regardless of any subsequent notations thereto or the date of close of escrow, without liability or further notice to any parties hereto.

**EXECUTION IN COUNTERPARTS:** These instructions may be executed in counterparts, each shall be deemed an original regardless of the date executed and delivered, and said counterparts shall constitute one and the same instrument. When necessary to the context hereof or the contents thereof, the singular shall include the plural, or vice-versa, and the gender used shall include the true and proper gender.

**EFFECT OF EXECUTION:** The signatures of the undersigned hereon and on any document(s) and instrument(s) pertaining to this escrow indicates their unconditional acceptance of the same and constitutes acknowledgment of their receipt of a copy of the same.

**ESCROW COMPANIES ARE NOT AUTHORIZED TO GIVE LEGAL ADVICE, IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY BEFORE SIGNING.**

BORROWER INITIALS _____

*Page 3*

# Exhibit "C"

## A. SETTLEMENT STATEMENT (HUD-1) — ESTIMATED

OMB No. 2502-0265

**B. TYPE OF LOAN**
1. [X] FHA  2. [ ] RHS  3. [ ] CONV. UNINS.
4. [ ] VA  5. [ ] CONV. INS.

6. FILE NUMBER: 11916-TM
7. LOAN NUMBER: 1685442
8. MORTGAGE INS. CASE NO.:

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. NAME & ADDRESS OF BORROWER: Socorro Silva, as trustee of the Socorro Silva Living Trust dated July 18, 1995
1802 North Avenue No. 56, Los Angeles, CA 90042

E. NAME & ADDRESS OF SELLER:

F. NAME & ADDRESS OF LENDER: Urban Financial Group of America LLC
8909 South Yale Avenue, Tulsa, OK 74137

G. PROPERTY LOCATION: 1802 North Avenue No. 56, Los Angeles, CA 90042

H. SETTLEMENT AGENT: All Seasons Escrow
PLACE OF SETTLEMENT: 703 Palomar Airport Road, Suite 205, Carlsbad, CA 92011 (760) 692-1111

I. SETTLEMENT DATE:

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---:|---|---:|
| **100. Gross Amount Due From Borrower:** | | **400. Gross Amount Due To Seller:** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower: (line 1400) | 13,294.25 | 403. | |
| 104. Property Tax | 688.03 | 404. | |
| 105. Payoff To #8 HSBC | 177,875.26 | 405. | |
| Payoff To #9 & #10 LA County CSSD | 20.00 | | |
| Payoff To #11 CIR/Capital One | 2,456.65 | | |
| Payoff To #12 Lexington National Insurance Corp | 8,037.04 | | |
| Payoff To #13 American Express/Zwicker & Assoc | 20,321.78 | | |
| **Adjustments For Items Paid By Seller In Advance:** | | **Adjustments For Items Paid By Seller In Advance:** | |
| 106. City/town taxes   to | | 406. City/town taxes   to | |
| 107. County taxes   to | | 407. County taxes   to | |
| 108. Assessments   to | | 408. Assessments   to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower:** | 222,693.01 | **420. Gross Amount Due To Seller:** | |
| **200. Amounts Paid By Or In Behalf Of Borrower:** | | **500. Reductions In Amount Due To Seller:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 381,225.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1st Mtg. Ln. | |
| 205. | | 505. Payoff 2nd Mtg. Ln. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments For Items Unpaid By Seller:** | | **Adjustments For Items Unpaid By Seller:** | |
| 210. City/town taxes   to | | 510. City/town taxes   to | |
| 211. County taxes   to | | 511. County taxes   to | |
| 212. Assessments   to | | 512. Assessments   to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower:** | 381,225.00 | **520. Total Reductions In Amount Due Seller:** | |
| **300. Cash At Settlement From/To Borrower:** | | **600. Cash At Settlement From/To Seller:** | |
| 301. Gross amount due from borrower (line 120) | 222,693.01 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | 381,225.00 | 602. Less reductions in amount due seller (line 520) | |
| **303. Cash ( )FROM (X)TO Borrower:** | 158,531.99 | **603. Cash ( )TO ( )FROM Seller:** | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.
BE ADVISED OF THE FOLLOWING: POCB – Refers to items Paid Outside Closing by Borrower; POCS – Refers to items Paid Outside Closing by Seller; POCL – Refers to items Paid Outside Closing by Lender; POCMB – Refers to items Paid Outside Closing by Mortgage Broker

## L. SETTLEMENT CHARGES

| | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees Based on Price $ @ % = | | | |
| Division of Commission (line 700) As Follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| **800. Items Payable In Connection With Loan:** | | | |
| 801. Our origination charge Urban Financial Group of America LLC   $65,648.95 | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen   $-59,512.00 | (from GFE #2) | | |
| 803. Your adjusted origination charges Urban Financial Group of America LLC | (from GFE A) | 6,136.95 | |
| 804. Appraisal fee to Urban Financial Group of America LLC | (from GFE #3) | 450.00 | |
| 805. Credit report to Urban Financial Group of America LLC | (from GFE #3) | 20.00 | |
| 806. Tax service to | (from GFE #3) | | |
| 807. Flood certification to Urban Financial Group of America LLC | (from GFE #3) | 20.00 | |
| 808. Document Preparation To: Urban Financial Group of America LLC FBO Reverse Vision   $125.00 | | | |
| 809. MERS Registration To: Urban Financial Group of America LLC FBO MERS   $11.95 | | | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 816. | | | |
| 817. | | | |
| 818. | | | |
| 819. | | | |
| **900. Items Required By Lender To Be Paid In Advance:** | | | |
| 901. Daily interest charges from  to  @ $ /day (0 days) | (from GFE #10) | | |
| 902. Mortgage insurance premium for mo. to FHA | (from GFE #3) | 2,875.00 | |
| 903. Homeowner's insurance for 1 yrs. to Millenium Financial Systems | (from GFE #11) | 1,220.30 | |
| 904. Flood insurance premium for yrs. to | | | |
| 905. | | | |
| 906. | | | |
| **1000. Reserves Deposited With Lender:** | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. Homeowner's insurance  0 months @ $  0.00 per month | | | |
| 1003. Mortgage insurance  0 months @ $  0.00 per month | | | |
| 1004. City property taxes  0 months @ $  0.00 per month | | | |
| 1005. County property taxes  0 months @ $  0.00 per month | | | |
| 1006. Annual assessments  0 months @ $  0.00 per month | | | |
| 1007. Flood insurance  0 months @ $  0.00 per month | | | |
| 1008.   0 months @ $  0.00 per month | | | |
| 1009. Aggregate Adjustment | | | |
| 1010. | | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | 2,210.00 | |
| 1102. Settlement or closing fee to All Seasons Escrow  $800.00 | | | |
| 1103. Owner's title insurance | (from GFE #5) | | |
| 1104. Lender's title insurance Ticor Title Company  $945.00 | | | |
| 1105. Lender's title policy limit $ 381,225.00 | | | |
| 1106. Owner's title policy limit $ | | | |
| 1107. Agent's portion of the total title insurance premium   $0.00   Ticor Title Company | | | |
| 1108. Underwriter's portion of the total title insurance premium   $0.00 | | | |
| 1109. Endorsement to Ticor Title Company  $25.00 | | | |
| 1110. Title overnight fees to Ticor Title Company | | 62.00 | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| 1114. | | | |
| **1200. Government Recording and Transfer Charges:** | | | |
| 1201. Government recording charges | (from GFE #7) | 175.00 | |
| 1202. Deed $ 0.00  Mortgage $ 175.00  Releases $ 0.00 | | | |
| 1203. Transfer taxes | (from GFE #8) | | |
| 1204. City/County tax/stamps  Deed $ 0.00  Mortgage $ 0.00 | | | |
| 1205. State tax/stamps  Deed $ 0.00  Mortgage $ 0.00 | | | |
| 1206. | | | |
| 1207. | | | |
| **1300. Additional Settlement Charges:** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302. Document Preparation Fee to Processing  $150.00 | | | |
| 1303. HECM Counseling Fee To: Urban Financial Group of America LLC | | 125.00 | |
| 1304. Courier Fee to All Inclusive Services  $115.00 | | | |
| 1305. Mobile Notary to Notary Public  $175.00 | | | |
| 1306. | | | |
| 1307. | | | |
| **1400. Total Settlement Charge** *(Enter on line 103, Section J - and - line 502, Section K)* | | 13,294.25 | |

BE ADVISED OF THE FOLLOWING: POCB – Refers to items Paid Outside Closing by Borrower; POCS – Refers to items Paid Outside Closing by Seller; POCL – Refers to items Paid Outside Closing by Lender; POCMB – Refers to items Paid Outside Closing by Mortgage Broker

## Comparison of Good Faith Estimate (GFE) and HUD-1 Charges

| Charges That Cannot Increase | HUD-1 Line Number | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Our origination charge | # 801 | 0.00 | 65,648.95 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | 0.00 | (59,512.00) |
| Your adjusted origination charges | # 803 | 0.00 | 6,136.95 |
| Transfer taxes | #1203 | | |

| Charges That in Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | #1201 | 86.00 | 175.00 |
| Appraisal | # 804 | 475.00 | 450.00 |
| Credit Report | # 805 | 20.00 | 20.00 |
| Flood Certification | # 807 | 20.00 | 20.00 |
| Mortgage Insurance | # 902 | 0.00 | 2,875.00 |
| Title Services and lender's title insurance | #1101 | 0.00 | 2,210.00 |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| Total | | 601.00 | 5,750.00 |
| Increase between GFE and HUD-1 Charges | | $ 5,149.00 or | 856.7388 % |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | | |
| Daily interest charges | # 901 $ /day | | |
| Homeowner's insurance | # 903 | 0.00 | 1,220.30 |
| HECM Counseling Fee | #1303 | 0.00 | 125.00 |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |
| | # | | |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ 381,225.00 |
| Your loan term is | years |
| Your initial interest rate is | 3.547000 % |
| Your initial monthly amount owed for principal, interest, and and any mortgage insurance is | $  includes<br>☐ Principal<br>☐ Interest<br>☐ Mortgage Insurance |
| Can your interest rate rise? | ☒ No. ☐ Yes, it can rise to a maximum of   %. The first change will be on   and can change again every  after  . Every change date, your interest rate can increase or decrease by  %. Over the life of the loan, your interest rate is guaranteed to never be lower than  % or higher than  %. |
| Even if you make payments on time, can your loan balance rise? | ☐ No. ☒ Yes, it can rise to a maximum of $ |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☒ No. ☐ Yes, the first increase can be on   and the monthly amount owed can rise to $  .<br>The maximum it can ever rise to is $ |
| Does your loan have a prepayment penalty? | ☒ No. ☐ Yes, your maximum prepayment penalty is $ |
| Does your loan have a balloon payment? | ☒ No. ☐ Yes, you have a balloon payment of $   due in   years on  . |
| Total monthly amount owed including escrow account payments<br><br>*Paid by or through draws from the principal limit. | ☒ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☐ You have an additional monthly escrow payment of $   that results in a total initial monthly amount owed of $  . This includes principal, interest, any mortgage insurance and any items checked below:<br>☐ Property taxes      ☐ Homeowner's insurance<br>☐ Flood Insurance     ☐<br>☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

**SELLER'S AND/OR BORROWER'S STATEMENT**         Escrow: 11916-TM

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers/Purchasers                                                    Sellers

Socorro Silva, as trustee of the Socorro
Silva Living Trust dated July 18, 1995.

By:_____
     Socorro Silva, Trustee

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _____     Date: _____
                  Trisha McClinton, All Seasons Escrow

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

| ATTACHMENT TO HUD 1 | | Escrow No.: | 11916-TM |
|---|---|---|---|
| Settlement Date: | | Title No.: | 00279288-995-ND |
| | | Page: | 1 |

### EXHIBIT A: Tax Payment Breakdown
Breakdown of Tax Payments:

County Taxes

| Year | Amount | Interest | Penalty |
|---|---|---|---|
| | $688.03 | | |

### EXHIBIT B: (HUD Section 100)
Gross Amount Due From Borrower - Loan Payoff Breakdown:

Buyer Amount   Seller Amount

**#8 HSBC**

| | | |
|---|---|---|
| Principal Balance To: #8 HSBC | | 168,711.71 |
| Interest From / / to 1/16/2015 To: #8 HSBC | | 7,841.16 |
| Escrow Advances To: #8 HSBC | | 429.89 |
| Total-Fees To: #8 HSBC | | 50.00 |
| Other Fees Due To: #8 HSBC | | 112.50 |
| Recoverable Balance To: #8 HSBC | | 80.00 |
| Bankruptcy Fees/Costs To: #8 HSBC | | 650.00 |
| | Total: | 177,875.26 |

**#9 & #10 LA County CSSD**

| | | |
|---|---|---|
| Recording Release To: #9 & #10 LA County CSSD | | 20.00 |
| | Total: | 20.00 |

**#11 CIR/Capital One**

| | | |
|---|---|---|
| Principal Balance To: #11 CIR/Capital One | | 2,446.65 |
| Wire Fee To: #11 CIR/Capital One | | 10.00 |
| | Total: | 2,456.65 |

**#12 Lexington National Insurance Corp**

| | | |
|---|---|---|
| Principal Balance To: #12 Lexington National Insurance Corp | | 8,037.04 |
| | Total: | 8,037.04 |

**#13 American Express/Zwicker & Assoc**

| | | |
|---|---|---|
| Principal Balance To: #13 American Express/Zwicker & Assoc | | 13,754.17 |
| Interest Per Diem From 4/08/2010 to 1/16/2015 @ $ 3.8206 To: #13 American Exp | | 6,567.61 |
| | Total: | 20,321.78 |

# Exhibit "D"

B6I (Official Form 6I) (12/07)

Case 2:12-bk-29830-SK    Doc 24    Filed 10/30/12    Entered 10/30/12 14:34:57    Desc
Main Document    Page 2 of 2

IN RE Silva, Socorro
                                   Debtor(s)

Case No. 2:12-bk-29830-SK
(If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Single** | DEPENDENTS OF DEBTOR AND SPOUSE |  |
|---|---|---|
|  | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation |  |  |
| Name of Employer |  |  |
| How long employed |  |  |
| Address of Employer |  |  |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | $ |
| 2. Estimated monthly overtime | $ | $ |
| 3. SUBTOTAL | $ 0.00 | $ |
| 4. LESS PAYROLL DEDUCTIONS |  |  |
| a. Payroll taxes and Social Security | $ | $ |
| b. Insurance | $ | $ |
| c. Union dues | $ | $ |
| d. Other (specify) | $ | $ |
|  | $ | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ 1,050.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) **Social Security** | $ 1,205.00 | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) **Contribution From Jesus And Maria Luevano** | $ 550.00 | $ |
| **Contribution From Richard Urioste (Son In Law)** | $ 600.00 | $ |
|  | $ | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 3,405.00 | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 3,405.00 | $ |

16. **COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)     $ 3,405.00

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

B6J (Official Form 6J) (12/07)

IN RE Silva, Socorro _____ Case No. _____
　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

1. Rent or home mortgage payment (include lot rented for mobile home) — $ 1,259.00
   a. Are real estate taxes included? Yes ✓ No ___
   b. Is property insurance included? Yes ✓ No ___
2. Utilities:
   a. Electricity and heating fuel — $ 250.00
   b. Water and sewer — $ 75.00
   c. Telephone — $ 175.00
   d. Other  Cable TV — $ 120.00
   $ ___
3. Home maintenance (repairs and upkeep) — $ 100.00
4. Food — $ 350.00
5. Clothing — $ 50.00
6. Laundry and dry cleaning — $ 60.00
7. Medical and dental expenses — $ 200.00
8. Transportation (not including car payments) — $ 150.00
9. Recreation, clubs and entertainment, newspapers, magazines, etc. — $ 71.00
10. Charitable contributions — $ 50.00
11. Insurance (not deducted from wages or included in home mortgage payments)
    a. Homeowner's or renter's — $ ___
    b. Life — $ 125.00
    c. Health — $ ___
    d. Auto — $ 70.00
    e. Other _____ — $ ___
12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____ — $ ___
13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan)
    a. Auto — $ ___
    b. Other _____ — $ ___
14. Alimony, maintenance, and support paid to others — $ ___
15. Payments for support of additional dependents not living at your home — $ ___
16. Regular expenses from operation of business, profession, or farm (attach detailed statement) — $ ___
17. Other _____ — $ ___

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. — $ 3,105.00

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**
   a. Average monthly income from Line 15 of Schedule I — $ 3,405.00
   b. Average monthly expenses from Line 18 above — $ 3,105.00
   c. Monthly net income (a. minus b.) — $ 300.00